United States District Court
Southern District of Texas
**ENTERED**
July 25, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| REFINED TECHNOLOGIES, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00197 |
| | § | |
| USA DEBUSK LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before me is a Motion to Strike the Unauthorized and Improper "Rebuttal" Report of Terry Livingston, P.E., filed by Defendant USA Debusk LLC ("USAD"). *See* Dkt. 116 (redacted); Dkt. 99 (sealed). Having reviewed the briefing, the expert reports at issue, and the applicable law, the motion is denied.

Per the Amended Scheduling Order in this case, the deadline for Plaintiff Refined Technologies, Inc. ("RTI") to serve its expert report(s) was April 24, 2025. *See* Dkt. 73 at 1. It is undisputed that RTI timely served USAD with Livingston's expert report. *See* Dkt. 116-1 (redacted); Dkt. 99-1 (sealed). The parties agreed to extend the deadline for rebuttal reports to May 29, 2025, which is when USAD timely served the rebuttal report of its expert, Peter N. Loezos, Ph.D. *See* Dkt. 116-2 (redacted); Dkt. 99-2 (sealed). Twenty-five days later, RTI served USAD with a 10-page rebuttal report from Livingston. *See* Dkt. 116-3 (redacted); Dkt. 99-3 (sealed). USAD seeks to strike Livingston's rebuttal report, arguing that it is not really a rebuttal report, but rather an untimely supplemental report. RTI contends that Livingston's report is in fact a rebuttal report, and a timely one at that.

Expert disclosures must be made "(i) at least 90 days before [trial]" or "(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another [expert], within 30 days after the other party's [expert] disclosure." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to comply with Rule

26(a)'s requirements, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Supplementary expert disclosures "are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998). Rather, the "basic purpose of [Rule 26's supplementation requirements is] preventing prejudice and surprise." *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

I agree with RTI that Livingston's June 23, 2025 report is a rebuttal to Loezos's report, not a supplementation. Loezos's opinion that USAD's KixClear process does not infringe on the '488 Patent—because it is essentially useless, removing no more contaminants when added to hydrogen than hydrogen alone removes—is new to this litigation. *See* Dkt. 116 at 5 ("Based on the results of these experiments, Dr. Loezos found that there was no measurable difference between removing organic contaminants with or without KixClear."). Livingston could not have responded to this argument until Loezos made it. And, because Livingston's rebuttal report was filed within 30 days of Loezos's report, it was timely. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). This is a sufficient reason to deny USAD's motion.

But even if I were to construe Livingston's report as an untimely supplemental report—which, to be clear, I do not—I would still allow it. The four-factor test that governs this situation is: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996). All four factors here weigh in favor of allowing Livingston's June 23, 2025 report.

As to the first and fourth factors, Livingston's June 23, 2025 report is unquestionably important. Loezos's report suggests "that USAD [is] interpreting

the claims to read out the presence of the (hydrogen) carrier gas from the patented methods." Dkt. 124 at 3. RTI must be afforded an opportunity to respond to this opinion, which it had no way of anticipating prior to being served with Loezos's rebuttal report. Thus, the first and fourth factors weigh in favor of allowing Livingston's June 23, 2025 report.

As to the second and third factors, any prejudice in allowing Livingston's June 23, 2025 report is cured by the fact that RTI has "agreed that Dr. Loezos may serve a rebuttal to Mr. Livingston's critique and rebuttal opinions." Dkt. 111 at 9. Moreover, "both parties have agreed to make the experts available for limited depositions on the rebuttal report subject matter." *Id.* If additional continuances are needed to cure any prejudice, I am happy to grant them. Thus, the second and third factors also weigh in favor of allowing Livingston's June 23, 2025 report.

\* \* \*

In conclusion, Livingston's June 23, 2025 report is a timely filed rebuttal report. But even if it were not, there is no prejudice or surprise in allowing it. Accordingly, USAD's motion to strike is denied.

SIGNED this 25th day of July 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE